DA 10-0430

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 37N

IN THE MATTER OF THE ESTATE OF
JOHN WINKLEY IRVINE, JR.,
VA VA IRVINE,

      Interested Party and Appellant,

    v.

MICHAEL DODGE,

      Interested Party and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DP-09-57
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Mary Kay Starin, Attorney at Law, Butte, Montana

     For Appellee Michael Dodge:

        Frank J. Joseph, Robert J. Whelan, Joseph, Vicevich & Whelan,
Butte, Montana

     For Interested Party and Appellee Montana Children's Home and Hospital:

        John F. Sullivan, Hughes, Kellner, Sullivan & Alke, P.L.L.P.,
Helena, Montana

     For Interested Party and Co-Personal Representatives Erik and Debbie Oaas:

        Bernard J. "Ben" Everett, Jeffrey W. Dahood, Knight, Dahood, Everett
& Sievers, Anaconda, Montana

Submitted on Briefs:  February 9, 2011

Decided:   March 2, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This case arises from a heavily-litigated estate action stemming from the death of John Winkley Irvine, Jr. Decedent's mother, Va Va Irvine, appeals the Second Judicial District Court's order granting summary judgment to Decedent's step-son, Michael Dodge (Dodge). We affirm.

## ISSUE

¶3 A restatement of the dispositive issue on appeal is:

¶4 Did the District Court err in granting Dodge's motion for summary judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 John Irvine and Deana Dodge married in 1979. At the time of their marriage, Deana had a son from a previous marriage, Michael Dodge. During their marriage, John and Deana had no children together nor did they adopt any children. John did not adopt Dodge.

¶6 In 1983, John and Deana executed wills drafted by a Butte attorney, John Alexander (Alexander). Alexander kept a copy of each will until his retirement in 1994. Upon his retirement, Alexander notified John and Deana by letter that his successor,

3

Frank Burgess, would retain the wills in his file. Subsequently, Burgess retired in 2005. The law firm of Joseph, Vicevich & Whelan (Joseph law firm) took over Burgess's practice. This new firm kept the same physical address and phone number as the Burgess firm, and retained the files left by Burgess.

¶7     Deana died in August 2008 and John died in June 2009. At the time of John's death, he was survived by his step-son, Dodge, his brother William B. Irvine, and his mother Va Va Irvine, who has Alzheimer's disease and resides in a nursing home. Under the laws of intestacy, Va Va stood to inherit all of John's property if John left no will. One week after his brother's death, William, holding his mother's power of attorney and believing his brother died intestate, initiated this action, seeking to be appointed personal representative (PR) of his brother's Estate.

¶8     Subsequently, however, while going through John's belongings, William found a copy of John's will and attorney Alexander's letter. The will purported to pass all of John's property to Dodge if Deana predeceased him. William notified Dodge and Dodge contacted the Joseph law firm and obtained the original signed will. Upon reading the will, Dodge objected to the appointment of William as PR. Several weeks later, and in accordance with the express wishes of John in his will, the District Court appointed Deana's sister and brother-in-law as co-personal representatives of John's estate and allowed them to petition for formal probate of the will.

¶9     After significant litigation involving issues not before this Court on appeal, Va Va filed an objection to the probate of John's will, challenging the will's validity. Dodge moved for summary judgment on the single issue of whether John's will was a valid will.

4

On July 7, 2010, the District Court conducted a hearing. On August 12, 2010, the court issued its Order Granting Motion for Summary Judgment, concluding that John's will had not been revoked under applicable Montana statutes and therefore was valid. Va Va appeals.

## STANDARD OF REVIEW

¶10 We review a district court's grant or denial of a motion for summary judgment de novo. *Stevens v. Novartis Pharms. Corp.*, 2010 MT 282, ¶ 22, 358 Mont. 474, ___ P.3d ___, citing *State v. Butte-Silver Bow Co.*, 2009 MT 414, ¶ 17, 353 Mont. 497, 220 P.3d 1115. Applying the criteria contained in M. R. Civ. P. 56, we determine whether the moving party has established both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Stevens*, ¶ 22.

## DISCUSSION

¶11 As argued by Dodge and noted by the District Court, there are several specific statutory means by which a will may be revoked. Section 72-2-527(1)(a), MCA, allows a will or any part of a will to be revoked if the testator executes a later will expressly revoking all or part of a previous will. Under § 72-2-527(1)(b), MCA, a testator may take an action that effectively demonstrates his or her intent to revoke a will by burning, tearing, cancelling, or marking on a will. Sections 72-2-527(2) and (3), MCA, set forth the circumstances under which the execution of a subsequent will automatically revokes a previous will whether or not the new will contains an express revocation clause.

¶12 These statutes are inapplicable in that no second or subsequent will executed by John was ever discovered. Additionally, John did not deface, mark, obliterate, or tear up

5

the copy of the will he retained. There is no evidence from John's copy of his will that he intended to revoke it.

¶13 Other statutes addressing will revocation are §§ 72-2-812, -813, and -814, MCA. These statutes provide that a will may be revoked as a result of subsequent divorce, annulment, or certain acts of homicide. It is undisputed that none of these statutes apply to the case before us. While not dispositive, we note that the co-PRs and a prospective charitable beneficiary under the will also argued that John's will was valid.

¶14 Va Va has not established the existence of any genuine material fact pertaining to the validity of John's will. We have determined to decide this case pursuant to Section 1, paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted and correctly applied to the facts before it.

¶15 We therefore affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

6